IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MENETIRONY CLERVRAIN; PAUL ABEL; GEDEON JEAN GARDY; ELIOT VILLAR; SEKOU FOFONA; SEGEI KUSYAKOV; CHERY HUSSEIN; FRANTZ BRUNO; THIMOTE PIERCIN; ARTHUR BLAIN; MATEO HERNANDEZ; JOSE MARTE; LOREN C. BROWN; JOHN BRUN; RIGAUD ANDRE; and WILLIAM ALEJANDRO OLIVERO<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARLES SAMUEL, Director, Bureau of Prisons; JEH JOHNSON, Secretary, Department of Homeland Security; JOHN SANDWEG, Director, Immigration and Custom Enforcement; JOHN/JANE DOE, Administrator, Designation and Sentence Computation Center; and STACEY STONE, Warden, McCrae Correctional Facility<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CV 314-107<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiffs, a group of inmates presently incarcerated at McRae Correctional Facility in McRae, Georgia, have filed an action pursuant to 42 U.S.C. § 1983, concerning their classification as "deportable aliens" by the Bureau of Prisons ("BOP"). (Doc. no. 1.) Plaintiffs have not paid the filing fee and attached a letter to their complaint requesting that the filing fee be divided up among them and "collected in accordance with the provision of 28 U.S.C. § 1915(b)(1)." (Doc. no.

1, p. 16.) As 28 U.S.C. § 1915(b)(1) is the statute for proceeding *in forma pauperis* ("IFP"), the Court construes the attached letter as a motion to proceed IFP. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiffs' motion to proceed IFP be **DENIED**, the above-captioned case be **DISMISSED** without prejudice, and this civil action be **CLOSED**. Each Plaintiff must pursue their claims individually, if they so desire, by filing his or her own civil action.

## I. BACKGROUND

Plaintiffs allege that the BOP's classification of them as deportable aliens is unconstitutional under a variety of theories. (Doc. no. 1, pp. 8-11.) Plaintiffs argue that such a classification cannot be cause for such "institutional punishment in denying work assignment, eligibility for various vocational programs, halfway house, prison camps, such benefits as sentence reduction for participation in the Residential Drug program (RDP) and placement in such institutions designated as 'Release Sites' designated exclusively for foreign offenders with a deportation order." (Id. at 8.) Plaintiffs also cite Rule 23, refer to themselves as a class, and request relief for inmates without an order of deportation (See id. at 1, 14.) Plaintiffs state that the class they represent is composed of federal inmates labelled deportable aliens. (Id. at 1.) The sixteen named Plaintiffs have signed the complaint, (id. at 14-15), and have attached a letter requesting that the filing fee be divided up and collected in accordance with 28 U.S.C. § 1915(b)(1), the IFP statute. (Id. at 16.)

## II. DISCUSSION

The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley,

262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Allowing multiple prisoners to bring complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). In the end, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

In this case, Plaintiffs are in a position similar to the plaintiffs in Hubbard. They have attached a letter asking that the $350.00 fee be divided among the sixteen plaintiffs and be collected according to 28 U.S.C. 1915(b)(1), the IFP statute. Allowing them to proceed IFP together in this action would permit them to divide the filing fee between themselves and defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).

Furthermore, "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v. Henderson, 46 8 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates).[2] Simply put, *pro se* Plaintiffs proceeding IFP shall not be permitted to bring a class action on behalf of other prisoners. Wallace, 145 Fed. Appx. at 302 (11th Cir. 2005).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiffs' motion to proceed IFP be **DENIED**, the above-captioned case be **DISMISSED** without prejudice, and this civil action be **CLOSED**. Each Plaintiff must pursue their claims individually, if they so desire, by filing his or her own civil action and will be required to pay the $350.00 filing fee in full if they choose to bring his or her suit individually.

SO REPORTED and RECOMMENDED this 31st day of October, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.